UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SALVADOR GARCIA, JR. | § § | CIVIL ACTION NO. 7:16-cv-00607 |
| VS. | § § § | CRIM. ACTION NO. 7:04-cr-00637-1 |
| UNITED STATES OF AMERICA | § § | |

## REPORT AND RECOMMENDATION

Movant Salvador Garcia, Jr., a federal prisoner proceeding pro se, initiated this action pursuant to 28 U.S.C. § 2255 by filing a Motion to Vacate, Set Aside, or Correct Sentence. (Docket No. 1.).[1] In August 2005—over eleven years before Movant filed the pending motion to vacate—he was sentenced to 365 months of imprisonment after a jury found him guilty of 26 counts of drug trafficking crimes. This is Movant's second § 2255 motion challenging his 2005 drug trafficking related convictions.

On December 18, 2009, Movant filed his first action pursuant to 28 U.S.C. § 2255. Movant's main argument in that motion was that his counsel provided ineffective assistance. The District Court later dismissed Movant's claims with prejudice. In the instant § 2255 motion, Movant challenges his conviction and sentence in two ways. (*See* Docket No. 1.) First, Movant claims that the trial judge improperly enhanced his sentence under the "leader/organizer" enhancement. (*Id.* at 7–16.) Second, Movant challenges his sentence and conviction in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 17–24.)

After carefully considering Movant's § 2255 motion, the record of Movant's criminal case, and the applicable law, the undersigned concludes that the Court lacks jurisdiction to

---

[1] Docket entry references are to the civil action, unless otherwise noted.

1

consider Movant's successive § 2255 motion. Accordingly, for the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed without prejudice as successive.

## I. BACKGROUND

The drug charges brought against Movant arose out of an investigation conducted by agents with Immigration and Customs Enforcement (ICE) and the Federal Bureau of Investigation (FBI). Movant played a leading role in a drug trafficking ring that operated for several decades. The drug trafficking operation moved large quantities of marijuana (up to 2,000 pounds per month) and cocaine across the Rio Grande River. Once the drugs had crossed the Rio Grande River, they were stored on Movant's property—which was located adjacent to the Rio Grande River.

On August 4, 2004, a three-count indictment was filed in the Southern District of Texas, McAllen Division, charging Movant with drug trafficking crimes. (Cr. Docket No. 1.) On December 21, 2004, a grand jury returned a Fourth Superseding Indictment, charging Movant and another co-defendant with multiple drug trafficking crimes. Movant was charged in all twenty-six counts: (1) conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) (Count One); (2) possession with intent to distribute approximately 759 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count Two); (3) maintaining a drug-involved premises, in violation of 21 U.S.C. § 856 (Count Three); (4) using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four); and (5) violating financial reporting requirements, in violation of 31 U.S.C. §§ 5324(a)(3), 5324(d) and 31 C.F.R. § 103.11 (Counts Five through Twenty-Six). (Cr. Docket No. 60.)

Movant proceeded to trial and on February 19, 2005, a jury found Movant guilty as to Counts 5 through 26 in the Fourth Superseding Indictment. (Cr. Docket No. 102.) The jury failed to return a verdict as to Counts One through Four and the District Court ordered a mistrial as to those counts. (*See id.*; Cr. Docket Minute Entry for 2/19/2005.)

On March 8, 2005, a grand jury returned a five-count Fifth Superseding Indictment, charging Movant in all five counts: (1) conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One); (2) possession with intent to distribute approximately 759 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count Two); (3) maintaining a drug-involved premises, in violation of 21 U.S.C. § 856 (Count Three); (4) using or carrying a firearm during and in relation to a drug trafficking time, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four); and (5) possession with intent to distribute approximately 3,470 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count Five). (Cr. Docket No. 118.) On May 13, 2005, a jury found Movant guilty as to Counts One, Two, Three, and Five and not guilty as to Count Four. (Cr. Docket No. 168; Cr. Docket Minute Entry for 5/13/2005.)

On August 19, 2005, the Court sentenced Movant to 365 months of incarceration as to Counts 1, 2, and 5 of the Fifth Superseding Indictment, to 240 months of incarceration as to Count 3 of the Fifth Superseding Indictment, and to 60 months of incarceration as to Counts 5 through 26 of the Fourth Superseding Indictment, all to run concurrently.[2] (Cr. Docket Minute Entry for 8/19/2005; Cr. Docket Nos. 196, 197.)

---

[2] When determining Movant's applicable Guidelines' range at the sentencing hearing, the District Court found that Movant was an organizer/leader of the drug trafficking organization

Movant filed a direct appeal of his conviction. The Fifth Circuit affirmed the district court judgment on May 6, 2009. *United States v. Garcia*, 567 F.3d 721, 724–25 (5th Cir. 2009).

In December 2009, Movant filed his first § 2255 action, the bulk of which concerned Movant's claim that his trial attorney had rendered constitutionally ineffective assistance. (*See Garcia v. Unite States*, 7:09-CV-328, Docket No. 1 (S.D. Tex., McAllen Div.).) Magistrate Judge Dorina Ramos recommended that Respondent's motion to dismiss be granted and that Movant's § 2255 be denied. (*See Garcia v. Unite States*, 7:09-CV-328, Docket No. 20 (S.D. Tex., McAllen Div.).) The District Court adopted Judge Ramos' report and recommendation and dismissed Movant's first § 2255 motion with prejudice. (*Garcia v. United States*, 7:09-CV-328, Docket Nos. 20, 22 (S.D. Tex., McAllen Div.).)

On October 10, 2016, Movant filed the instant action, which is his second § 2255 motion challenging his 2005 conviction. (Docket No. 1.) Movant claims that that the trial judge improperly enhanced his sentence under the "leader/organizer" enhancement and that his sentence and/or conviction is now unconstitutional in light of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[3]

Given the fact that Movant had previously filed a § 2255 motion to vacate, the undersigned advised him that the instant § 2255 motion "may be barred by the limitations on 'second or successive motions' found in 28 U.S.C. § 2255(h)." (Docket No. 2.) Movant was

---

and applied the four-level enhancement to Movant's base offense level pursuant to U.S.S.G. § 3B1.1(a). (*See* Cr. Docket No. 202, Sentencing Tr. 5; Cr. Docket No. 185, at 21–22, ¶ 78.)

[3] In addition to challenging the District Court's application of the leader/organizer enhancement at sentencing, Movant also appears to request a minor role reduction to his sentence pursuant to Amendment 794. Movant, however, cannot request an Amendment 794 reduction to his sentence through the filing of a § 2255 motion, which may be used only to attack constitutional or jurisdictional flaws in a criminal proceeding. *See* 28 U.S.C. § 2255(a); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

given an opportunity to "provide any other information or legal authority regarding the successive nature of his § 2255 motion." (*Id.*) Movant did not respond to the order. Respondent United States was not ordered to file a response to the motion. *See* Rules Governing Section 2255 Proceedings, Rule 5(a) ("The respondent is not required to answer the motion unless a judge so orders.").

## II.    ANALYSIS

A federal court must always "be sure of" its jurisdiction to consider a matter before it. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (discussing the court's duty to raise subject matter jurisdiction sua sponte in the context of second or successive motions under § 2255). Under the Antiterrorism Effective Death Penalty Act (AEDPA), a second or successive habeas application may not be filed unless "the applicant . . . move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h) (providing that a second or successive § 2255 motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Thus, "§2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one."[4] *Key*, 205 F.3d at 774; *see also In re Tatum*, 233 F.3d 857, 858 (5th Cir.

---

[4] To obtain authorization to proceed in district court with a second or successive § 2255 motion, it must be found to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also In re Webster*, 605 F.3d 256, 257 (5th Cir. 2010).

2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in the district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion.").

Here, Movant's instant § 2255 motion is second or successive. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) ("[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."). Movant's first § 2255 motion, filed in 2005, was dismissed. The first argument Movant makes in his instant § 2255 motion—that the District Court erred in applying the leader/organizer enhancement to his sentence—could have been raised in Movant's first § 2255. Further, although Movant's second argument in the instant § 2255 attempts to raise a claim based on a new rule of constitutional law, this does not change the fact that his motion to vacate is successive and that he first must obtain permission from the Court of Appeals to proceed. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A).") (emphasis in original).

Because Movant has not obtained permission from the Fifth Circuit to file a second or successive motion under § 2255, the District Court is without jurisdiction to consider the instant motion. Under the circumstances here, the undersigned recommends that this action be dismissed without prejudice.[5] *See Key*, 205 F.3d at 774 (stating that a successive habeas petition

---

[5] Where a second or successive § 2255 motion is filed in district court, the "court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court." *Lee v. Stephens*, No. 2:15-cv-330, 2015 WL 7433293, at *2 (S.D. Tex. Oct. 21, 2015), *report and recommendation adopted*, No. 2:15-cv-00330, 2015 WL 7454676 (S.D. Tex. Nov. 23,

may be "dismissed for lack of jurisdiction"); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (holding that the district court "correctly dismissed" movant's successive § 2255 motion). Movant may then, if he wishes, seek authorization directly from the Fifth Circuit Court of Appeals to proceed with his successive § 2255 motion, as required by 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Movant's successive § 2255 Motion (Docket No. 1) be DISMISSED without prejudice. For the reasons discussed below, it is further recommended that Movant be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS. Because the undersigned recommends the dismissal of Movant's § 2255 action, it is necessary to address whether Movant is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

---

2015) (adopting recommendation that successive § 2255 motion be dismissed without prejudice) (citations omitted). Here, Movant's § 2255 motion is not only successive, but, according to the Federal Bureau of Prisons website, Movant escaped from prison on July 12, 2019, and his current whereabouts are presumably unknown. In addition, Movant has failed to show any reason to believe that he could satisfy the standard for authorization of a successive motion found in 28 U.S.C. § 2255(h). For these reasons, dismissing Movant's § 2255 motion without prejudice appears to better serve both the interests of justice and judicial economy.

requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of § 2255 proceedings). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 claim should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Movant's claim is successive. Accordingly, Movant is not entitled to a COA.

### **NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to Movant and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    DONE at McAllen, Texas on October 14, 2019.

                                                  Peter E. Ormsby
                                    United States Magistrate Judge